# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0322-16T2

R.M.,

    Plaintiff-Respondent,

v.

K.E.L., SR.,

    Defendant-Appellant.

_____

Submitted October 23, 2017 — Decided November 28, 2017

Before Judges Whipple and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FV-04-0300-17.

Evan F. Nappen, attorney for appellant (Daniel G. Spafford, on the brief).

Respondent has not filed a brief.

PER CURIAM

    Defendant K.E.L. appeals from a final restraining order ("FRO") entered against him pursuant to the Prevention of Domestic Violence Act of 1991 ("PDVA"), N.J.S.A. 2C:25-17 to -35, based on an unspecified act of domestic violence against plaintiff R.M. Because we find the trial court failed to apply the two-part test

required by Silver v. Silver, 387 N.J. Super. 112, 126 (App. Div. 2006) to support restraints, we reverse and remand for further proceedings.

We derive our factual summary from the July 20, 2016 trial. Plaintiff and defendant filed for, and obtained, mutual temporary restraining orders ("TROs") based upon events that occurred on July 5, 2016. Defendant testified that, while staying at a hotel on that date, plaintiff accused defendant of stealing $30 from her and telephoning other people, including prostitutes. According to defendant, plaintiff scratched, punched and kicked him, and threatened to push him out the hotel room's window.

Plaintiff denied punching defendant, but testified that the parties "get very jealous over each other[,] and fights[] and arguments happen." Plaintiff did not acknowledge any acts of violence by defendant against her on July 5, 2016. Rather, plaintiff recounted an incident that occurred one year prior when defendant "threw [her] out of the vehicle," causing her to break a tooth. Plaintiff did not press charges against defendant at that time because she did not wish to testify.

The parties were never married and never lived together, but they dated for seven years. When asked by the court whether they needed FROs or whether they could just stay away from each other, both parties responded the police wanted them to file for

restraining orders.[1]  Plaintiff also testified she needed an FRO "for my mother so he doesn't come around the house . . . because he does not like my mother at all and he says horrible things like he wanted to put a bullet in my mother's head."

In an oral decision, rendered at the conclusion of trial, the court issued FROs to both parties, finding:

> I will tell you that it's clear to me that you're in a very long[-]term highly dysfunctional relationship, that at some point someone is going to get hurt. I think you both have probably committed acts of domestic violence towards each other. . . .
>
> You both have given me enough information to think that at one point or another both of you have been involved in what is a very abusive situation and you both need to concentrate on your own health and your own getting yourselves together.

On appeal, defendant argues the court erred by issuing the FRO without making a finding that he committed a predicate offense, and because plaintiff is not in need of further protection. Plaintiff has not appealed the FRO issued against her.

Ordinarily, "[i]n our review of a trial court's order entered following trial in a domestic violence matter, we grant substantial deference to the trial court's findings of fact and the legal

---

[1] It is unclear whether the parties were referencing TROs or FROs; neither party presented the testimony of a police officer at trial.

conclusion based upon those findings." D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013) (citing Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)), certif. denied, 216 N.J. 587 (2014). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, supra, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

However, reversal is warranted when a trial court's findings are "so wide of the mark that a mistake must have been made[,]" N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (internal quotation marks and citation omitted), including factual findings "'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'" Rova Farms, supra, 65 at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div.), certif. denied, 40 N.J. 221 (1963)). See also N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007) (discussing "limited" appellate review). Consequently, when a reviewing court concludes there is insufficient evidentiary support for the trial court's findings, we reverse. Our review of a trial court's legal conclusions is always de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Substantively, a trial court hearing an application for an FRO must make two determinations: (1) whether the plaintiff has proved by a preponderance of the evidence that defendant committed an act of domestic violence; and, if so, (2) whether a restraining order is necessary to protect the plaintiff. Silver, supra, 387 N.J. Super. at 125-27.

Pursuant to the first Silver prong, a plaintiff seeking an FRO under the PDVA must demonstrate the defendant committed any one or more of the fourteen crimes and offenses enumerated in N.J.S.A. 2C:25-19(a). "A defendant may not 'consent' to the entry of an order, and a court may not enter one unless there is a finding of domestic violence by the court." Franklin v. Sloskey, 385 N.J. Super. 534, 541-42 (App. Div. 2006) (citing Chernesky v. Fedorczyk, 346 N.J. Super. 34, 39 (App. Div. 2001)).

In making the second determination pursuant to Silver, the court must consider the factors elucidated in N.J.S.A. 2C:25-29(a)(1) to -(6), and, as noted, must determine that issuance of an FRO is necessary to protect the victim from further acts of violence. Silver, supra, 387 N.J. Super. at 126. Those factors include consideration of any previous history of domestic violence between the parties, and whether there is evidence of immediate danger to the victim. Id. at 127-28. See also, A.M.C. v. P.B., 447 N.J. Super. 402, 417 (App. Div. 2016).

5

Here, the trial court concluded the parties "probably committed acts of domestic violence towards each other" without specifying which act or acts under N.J.S.A. 2C:25-19(a) were committed. Nor did the court establish defendant's factual basis for any acts of domestic violence on July 5, 2016. See Chernesky, supra, 346 N.J. Super. at 41. As such, the first Silver prong was not sufficiently analyzed by the court.

We reach the same conclusion as to the second Silver prong. The trial court made a conclusory finding that an FRO was needed because "at some point someone is going to get hurt," apparently referencing the court's previous observation of the parties' underlying "abusive situation" and "dysfunctional relationship." Furthermore, plaintiff testified that her mother -- not plaintiff -- needed the protection of a restraining order because, in part, defendant "doesn't come around the house." It is unclear from the record, however, whether plaintiff resides with her mother. In her brief response to the judge, plaintiff may have assumed an FRO prohibiting defendant from contact with her mother's home would, therefore, also protect plaintiff. Thus, the court did not engage in the analysis required by Silver to satisfy the second prong. We, therefore, remand to the trial court for a proper analysis of both Silver prongs.

A-0322-16T2

Reversed and remanded for further proceedings consistent with this opinion.[2] The restraints remain in place pending the outcome of the remand. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Because the trial court did not make credibility findings, we offer no recommendation as to whether this matter should be retried before a different judge. See Ducey v. Ducey, 424 N.J. Super. 68, 71 (App. Div. 2012).